ENTERED

DEC 21 2009

K.R.W.

FILED

at ___ O'clock ___

DEC 21 2009

United ...
Columbia, ...

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Gina Anasti Lee,

Debtor.

C/A No. 09-02854-JW

Chapter 13

**AMENDED ORDER GRANTING
11 U.S.C. § 362(d) RELIEF**

This matter comes before the Court on the Amended Motion Seeking 11 U.S.C. § 362(d) Relief ("Motion") filed by James Anasti ("Anasti"). This Court has jurisdiction pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052 and 9014, the Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT

1. On October 26, 2007, the Richland County Court of Common Pleas entered an order ("state court order") granting partial summary judgment to Anasti with respect to the ownership of real property at 2325 Two Notch Road, Columbia, SC, 29202 (the "Property").[2] The court rejected Debtor's claim to the Property by adverse possession and Debtor's defenses of laches and estoppel and found title to the Property belonged solely to Anasti.

2. Gina Anasti Lee ("Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 16, 2009. On Schedule A, Debtor listed the Property as an asset with a value of $167,000. Debtor stated the nature of her interest was disputed:[3] "Property the subject

---

[1] To the extent any Findings of Fact constitute Conclusions of Law, they are adopted as such. To the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

[2] At the hearing on Anasti's Motion, counsel for the parties indicated that the Property is commercial property, which is presently being used by a tenant as a night club.

[3] However, it is undisputed that in January 2000, Debtor conveyed her claimed interest in the Property to a third party.

of litigation now pending in the SC Court of Appeals. The title was determined adversley [sic] to the Debtor in the Lower Court proceedings, and the matter is now on Appeal."

3. On April 22, 2009, the Court of Appeals filed an Order dismissing Debtor's appeal of the state court order. However, by order dated April 28, 2009, the Court of Appeals rescinded its April 22 order of dismissal, reinstated the appeal, and provided that the timelines for perfecting the appeal would be held in abeyance. Subsequently, on June 16, 2009, the Court of Appeals issued an order holding the appeal in abeyance pending a final decision in the bankruptcy proceedings.

4. On June 22, 2009, the Chapter 7 Trustee filed her Report of No Distribution, in which she stated no property was available for distribution from the estate.

5. This Court issued an order on August 14, 2009, granting Debtor's motion to convert her case to Chapter 13. The Chapter 13 Trustee does not oppose modification of the stay in this matter.

6. The Chapter 13 plan filed by Debtor does not contain any motions, but provides: "The Debtor has requested the Court to order the immediate sale of the [Property] with all interests being paid to the creditors." However, no sale of the Property is pending, and there are no contracts for the purchase of the Property.

7. On August 20, 2009, Debtor commenced an adversary proceeding against Anasti concerning the ownership of the Property.

## CONCLUSIONS OF LAW

In the Motion, Anasti requests the Court to lift the automatic stay, pursuant to 11 U.S.C. § 362(d)(1) and (2), for the purpose of permitting completion of the appellate process with respect to the state court order. Section 362(d)(1) provides the Court shall grant relief "for cause,

2

including the lack of adequate protection of an interest in property of such party in interest," and § 362(d)(2) provides for relief if "the debtor does not have equity in such property" and "such property is not necessary to an effective reorganization."

For purposes of § 362(d)(1), a bankruptcy judge has "broad discretion to determine what constitutes 'cause' sufficient to warrant relief from stay." In re Breibart, C/A No. 03-07440-W, slip op. at 2 (Bankr. D.S.C. Feb. 17, 2004); see also Robbins v. Robbins (In re Robbins), 964 F.2d 342, 345 (4th Cir. 1992) (stating that "[b]ecause the Code provides no definition of what constitutes 'cause,' courts must determine when discretionary relief is appropriate on a case-by-case basis").

In determining whether to grant relief from stay to a creditor for the purpose of litigating an issue in state court, the court should consider the following factors:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because the matter would have to be litigated in the bankruptcy court; and (3) whether the estate can be protected properly by a requirement that the creditor seek enforcement of any judgment through the bankruptcy court.

In re Katzburg, 326 B.R. 606, 610 (Bankr. D.S.C. 2004) (citing Robbins, 964 F.2d at 345); see also In re Charleston Affordable Housing, Inc., C/A No. 09-01020-dd, slip op. (Bankr. D.S.C. Jun. 9, 2009) (focusing on "whether judicial economy will be served by returning the parties to state court or whether litigation in the bankruptcy court would impair progress" in the bankruptcy case); In re Joyner, 416 B.R. 190, 192-93 (Bankr. M.D.N.C. 2009) (relying on the Robbins factors and modifying the automatic stay to permit the state court action to proceed).

Furthermore, courts, including this one, have granted relief from the automatic stay based on a finding of cause to allow a movant to pursue a state court appeal. In re Moore, C/A No. 04-

3

15363-B, slip op., 2005 WL 6267364, at *2 (Bankr. D.S.C. 2005) (finding cause existed to lift the automatic stay because the movant's state court appeal was the only method available for judicial review of the state court order); see also In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997) (finding that cause, pursuant to § 362(d)(1), existed to permit potential judgment creditor proceed with her state court appeal); In re Metz, 165 B.R. 769, 771 (Bankr. E.D.N.Y. 1994) (granting relief from stay to allow state appellate proceedings to continue, reasoning that the bankruptcy court could not serve as an appellate court for the state court judgment and that a parallel proceeding in the bankruptcy court would lead to "a serious duplication of efforts"); In re Morris, 153 B.R. 588, 590-92 (M.D. Fla. 1993) (affirming the bankruptcy judge's decision that sufficient cause existed to lift the automatic stay for the purpose of allowing the state appellate proceedings to continue, and noting that "the state court appeal would help lead the bankruptcy case to a conclusion").

Legislative history to § 362(d)(1) also supports lifting the stay in such circumstances: ". . . a desire to permit an action to proceed to completion in another tribunal may provide another cause." H.R. Rep. No. 95-595, at 343-44 (1977).

In this case, Anasti asserts that cause exists to lift the automatic stay to permit the continuation and conclusion of the state appellate proceedings as they provide the only mechanism available to create finality with respect to title to the Property. To this end, Anasti argues the Rooker-Feldman doctrine prevents any action by this Court with regard to the Property which, prior to the filing of Debtor's bankruptcy case, was determined to be the property of Anasti. Further, Anasti argues that his interests are not being adequately protected because he continues to have a cloud on his title. Alternatively, Anasti asserts the Property and the related appeal are not subject to the automatic stay due to the Chapter 7 Trustee's

4

abandonment of the Property.[4]

In her objection to Anasti's Motion, Debtor refutes that any order of abandonment was entered by the Chapter 7 Trustee. Debtor also disputes the applicability of the Rooker-Feldman doctrine, arguing that no final state order was issued. Further, Debtor asserts there is no indication of finality of the state court order since the state appellate proceedings have been stayed and the pending appeal has not been briefed by the parties. Debtor also contends a modification of the stay is not warranted because the bankruptcy estate and its creditors were not parties to the lower court action. Finally, Debtor states Anasti has no security interest in the Property and the sale of the Property is necessary to an effective reorganization.

The Court agrees that cause exists pursuant to § 362(d)(1), and finds that in the interests of judicial economy and comity, the automatic stay is modified to allow for completion of the state court appellate proceedings.[5] Through her response to Anasti's Motion, the Chapter 13 plan, and the adversary proceeding, Debtor seeks to have this Court adjudicate the issue of title to the Property and make a conflicting ruling to that of the state court order. The Court finds that even if the Rooker-Feldman doctrine does not preclude the Court's jurisdiction as to this issue,[6]

---

[4] Anasti also notes he does not pursue any liability against Debtor beyond a determination of title to the Property since any such action is stayed.

[5] Because the Court finds that relief is appropriate under § 362(d)(1), the Court need not address Anasti's claim for relief pursuant to § 362(d)(2) at this time.

[6] The Rooker-Feldman doctrine applies only to bar "the loser in state court" from filing a "suit in federal district court seeking redress for an injury allegedly caused by the state court's decision." Davani v. Va. Dep't of Transp., 434 F.3d 712, 713 (4th Cir. 2006) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)); McGuffin v. Barman (In re BHB Enters.), Adv. Pro. No. 97-80201, slip op., 1997 WL 33344249, at *6 (Bankr. D.S.C. Aug. 27, 1997). The "pendency of an action in the state court is no bar to proceedings concerning the same matter" in a federal court with jurisdiction; nevertheless, "[c]omity or abstention doctrines" may permit or require a federal court to stay a federal action in favor of a proceeding in state court. Exxon Mobil, 544 U.S. at 292 (internal citation omitted).

Courts have differed in their opinions as to what constitutes a final order for purposes of Rooker-Feldman, with some courts, including in this district, finding that the state court litigation need not reach a state's highest court for the doctrine to apply. See Sharper v. S.C. Dep't of Corr., C/A No. 2:09-777, slip op., 2009 WL 1209583, at *1 (D.S.C. May 1, 2009) (finding that the federal action was barred by Rooker-Feldman because "it [was] clear that the

relief from stay is still appropriate based on the Court's broad discretion in finding cause under § 362(d)(1).

The determination of title to the Property and the nature and extent of Debtor's interest is an issue of state law that has already been litigated in and addressed by the lower state court. Although the timing of the completion of the state appellate proceedings is uncertain, the Court of Appeals' series of orders indicates a readiness to handle the appeal upon modification of the stay. Moreover, Anasti has noted that he does not seek authority to pursue any action or liability against Debtor beyond a determination of title to the Property in the state court proceedings. Thus, a resolution of the issue in the pending state appellate proceedings would provide this Court with a final determination as to the dispute between Anasti and Debtor with respect to the Property and would avoid an unnecessary duplication of efforts and judicial resources in this Court.

Further, Debtor would not be prejudiced by the Court's refusal to adjudicate this issue; rather, Debtor's remedy is to pursue her appeal of the state court order, and if successful, she may return to this Court for relief at that time. Any unsecured creditors' rights are dependent

---

plaintiff [was] seeking to challenge the results of an on-going state court action"); Lloyd v. Miller, C/A No. 9:08-cv-00675, slip op., 2009 WL 2356170, at *4 (D.S.C. May 8, 2009) (applying doctrine even though state court litigation had not yet reached highest state court); Field Auto City, Inc. v. Gen. Motors Corp., 476 F. Supp. 2d 545, 552-54 (E.D. Va. 2007) (finding the purpose of Rooker-Feldman is best served by applying the doctrine to state trial court judgments because "a federal suit is no less an appeal of the state trial court judgment simply because state appeals are not yet final"); Sinclair v. Bankers Trust Co. of Cal., N.A., C/A No. 5:05-CV-072, slip op., 2005 WL 3434827, at *3 (W.D. Mich. Dec. 13, 2005) (finding that "the state court proceeding that must reach judgment before a federal complaint is filed for Rooker-Feldman to be applicable is the appealable trial court's judgment"); Moore, 2005 WL 6267364, at *2 (finding the Rooker-Feldman doctrine precluded the bankruptcy court's review of the appealable master-in-equity's order). But see Bear v. Patton, 451 F.3d 639, 641-42 (10th Cir. 2006) (interpreting Exxon Mobil to limit Rooker-Feldman's applicability to state court decisions only once the state proceedings are completed, or the state order is otherwise unappealable); Dornheim v. Sholes, 430 F.3d 919, 923 (8th Cir. 2005) (finding that Exxon Mobil makes clear that the Rooker-Feldman doctrine precludes federal district court jurisdiction only if the federal suit is commenced after the state court proceedings have ended); State Resources Corp. v. The Architectural Team, Inc., 433 F.3d 73, 79 (1st Cir. 2005) (stating that that Rooker-Feldman doctrine is not applicable if "federal litigation is initiated before state proceedings have ended").

The Court, however, decides this matter solely on the basis of cause under § 362(d)(1) and need not rely on the Rooker-Feldman doctrine as a basis for modification of the automatic stay.

upon Debtor's rights in the Property, which are determined by state law.

Based on the foregoing reasons, the Court finds that modification of the stay is appropriate at this time pursuant to § 362(d)(1) so that the issue of title to the Property can be finally determined through the state appellate process. Accordingly, Anasti's Motion is granted, and the appeal in state court may proceed. In the event the state court finds Debtor has an interest in the Property, the automatic stay shall apply and the parties may return to this Court.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
December 21, 2009