UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CASE NO. 09-02854-jw<br>CHAPTER 13 |
| Gina Anasti Lee,<br><br>　　　　　　　　　　　　　Debtor(s). | **ORDER GRANTING**<br>**11 U.S.C. § 362(d) RELIEF** |

This matter comes before the Court on the Motion for Relief from Automatic Stay (11 U.S.C. § 362(a)) ("Motion") filed by Dallis Law Firm, P.A. ("Dallis"). Dallis seeks relief from the stay to allow the completion of state court arbitration. Debtor filed an objection to the Motion ("Objection"). A hearing was held on the Motion on November 2, 2010. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

Having considered the arguments of the parties set forth in their pleadings and made at the hearing, the evidentiary exhibits[1] offered at the hearing by Dallis, and the Court's file, the Court makes the following findings of fact and conclusions of law.[2]

**FINDINGS OF FACT**

1.　On August 15, 2008, The Honorable Thomas W. Cooper, Jr., acting as an arbitrator, issued a binding arbitration award ("Award") in two state court cases pending in the Richland County Court of Common Pleas in South Carolina (referred to herein collectively as the "State Court Cases") involving Debtor, Dallis, and other parties. The arbitration award was

---

[1] At the hearing, Dallis offered nine documentary exhibits without objection by Debtor.
[2] To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are so adopted.

1

entered on August 18, 2008.

2. One of the State Court Cases is captioned <u>Lance Wilson and Willis Goodwin vs. Gina L. Anasti Lee vs. Dallis Law Firm, P.A. vs. Sandra Michelson d/b/a Abstract Title</u>, Civil Action No. 2004-CP-40-5333 ("Lee State Court Case"). The other case is captioned <u>Lance Wilson and Willis Goodwin vs. Dallis Law Firm, P.A. vs. Sandra Michelsen d/b/a Abstract Title</u>, Civil Action No. 2004-CP-40-5334 ("Wilson/Goodwin State Court Case").

3. The State Court Cases were consolidated for arbitration.[3] The Richland County Court of Common Pleas entered a Consent Order of Reference whereby the parties agreed to binding arbitration without the right of appeal.

4. The subject matter of the State Court Cases involved, in part, claims against Dallis by Debtor, Wilson, and Goodwin relating to Dallis's handling of a real estate closing for a certain parcel of land ("Two Notch Property") in Richland County, South Carolina. The Award, which was entered as an exhibit at the hearing, describes the litigation and the facts surrounding the litigation in detail.

5. The Award granted the following relief:

    a. The Wilson-Goodwin joint venture was awarded monetary damages against Debtor as more fully explained in the Award;

    b. The claims of Wilson and Goodwin against Dallis were denied based on a finding that the statute of limitations had run with regard to their causes of action;

    c. The claims of Debtor against Dallis were denied based on a finding that the statute of limitations had run with regard to Debtor's causes of action;

    d. No punitive damages were awarded against Debtor;

    e. Debtor's claim for foreclosure against Wilson and Goodwin was denied because the arbitrator found that Debtor had never actually owned the Two Notch Property;

---

[3] As set forth in the Award, Sandra Michelsen d/b/a Abstract Title was in default and did not participate in the arbitration proceeding.

2

    f. The claims of Dallis against Sandra Michelsen, a defaulting party who was not a party to the arbitration proceeding, were not resolved by the arbitration; and

    g. The fees of the arbitrator were to be evenly divided among the parties to the arbitration.

  6. Debtor was not a party to Civil Action No. 2004-CP-40-5334. Neither the claims set forth in that case by Wilson and Goodwin nor the defenses of Dallis to those claims impact or otherwise affect any property of the bankruptcy estate.

  7. In the State Court Cases, Dallis did not seek a monetary award against Debtor. Further, Dallis has not made any claim with regard to property of the bankruptcy estate, including the Two Notch Property.

  8. The Court notes that the Two Notch Property described in the Award has already been the subject of litigation before this Court in this bankruptcy case. The Court granted a motion for relief from stay filed by Debtor's brother to permit completion of the state court appellate process so that the dispute between Debtor and her brother over title to the Two Notch Property could be finally determined. <u>See</u> Amended Order Granting 11 U.S.C. § 362(d) Relief (Docket No. 43), entered December 21, 2009, and Order Granting Defendant's Motion to Dismiss (Docket No. 18), entered February 1, 2010, <u>Gina Anasti Lee v. James Anasti</u> (<u>In re Lee</u>), Adv. Pro. No. 09-80133-JW (Case No. 09-02854-JW). Both orders were affirmed by the District Court and are currently on appeal to the Fourth Circuit Court of Appeals.

  9. Subsequent to entry of the Award, Debtor served a motion to vacate and/or modify the Award ("Debtor's Motion to Vacate") on August 19, 2008. In Debtor's Motion to Vacate, Debtor asked the arbitrator to reconsider the binding arbitration award.

  10. On August 28, 2008, Dallis responded to Debtor's Motion to Vacate by serving a memorandum in opposition to Debtor's Motion to Vacate.

3

11. Wilson and Goodwin served a motion/application to amend or vacate the Award ("Wilson/Goodwin Motion to Vacate") on September 4, 2008. In the Wilson/Goodwin Motion to Vacate, Wilson and Goodwin asked the arbitrator to reconsider the binding arbitration award.

12. On September 15, 2008, Dallis responded to the Wilson/Goodwin Motion to Vacate by serving a memorandum in opposition to the Wilson/Goodwin Motion to Vacate.

13. Prior to the arbitrator ruling on Debtor's Motion to Vacate and the Wilson/Goodwin Motion to Vacate (referred to herein collectively as the "Motions to Vacate"[4]), Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 16, 2009.

14. On August 5, 2009, Debtor filed a motion to convert her Chapter 7 case to a case under Chapter 13 of the Bankruptcy Code and also filed her initial Chapter 13 plan.

15. While the plan was amended a number of times, the Court entered an order on April 16, 2010, conditioning and confirming the amended plan filed by Debtor on March 24, 2010 ("Plan").

16. Debtor lists Dallis as an unsecured creditor for "Notice Only" and Wilson and Goodwin as unsecured creditors in Schedule F based on the Award and notes the pendency of Debtor's Motion to Vacate.

17. Debtor lists the State Court Cases in paragraph 4 of the Statement of Financial Affairs.

18. Debtor does not pursue any claims against Dallis in her Plan and the Plan does not provide for any litigation or otherwise dispose of the issues involved in the state court arbitration.

19. Wilson, Goodwin, Dallis, and the arbitrator have not filed proofs of claim in this

---

[4] Copies of the Motions to Vacate and the memoranda in opposition were offered by Dallis as exhibits at the hearing.

case, and the deadline for filing proofs of claim has passed.

20.  Due to the filing of the bankruptcy cases of Debtor, the arbitrator has refrained from ruling on the Motions to Vacate.

21.  Wilson and Goodwin have not sought relief from the automatic stay.

## **CONCLUSIONS OF LAW**

Dallis seeks to modify the automatic stay of bankruptcy pursuant to 11 U.S.C. § 362(d)(1)[5] in order to finally resolve the litigation pertaining to the State Court Cases. Specifically, Dallis seeks relief from stay to allow the arbitration proceeding to continue.

As set forth in the Consent Order of Reference that sent the cases to binding arbitration, the parties to the binding arbitration waived their right to appeal the decision of the arbitrator to the extent such a provision is enforceable in South Carolina.[6] It appears the parties intended for the arbitration to determine with finality the rights of the parties with regard to the claims in the State Court Cases.

Section 362(d)(1) provides for lifting or otherwise modifying the stay upon the request of a party in interest "for cause."  Under Section § 362(d)(1), a bankruptcy judge has "broad discretion to determine what constitutes 'cause' sufficient to warrant relief from stay."  In re Breibart, C/A No. 03-07440-W, slip op. at 2 (Bankr. D.S.C. Feb. 17, 2004); see also Robbins v. Robbins (In re Robbins), 964 F.2d 342, 345 (4th Cir. 1992) (stating that "[b]ecause the Code provides no definition of what constitutes 'cause,' courts must determine when discretionary relief is appropriate on a case-by-case basis").

This Court has recognized that a bankruptcy court should consider the following factors in determining whether to grant relief from stay to a creditor for the purpose of litigating an issue

---

[5] Further references to the Bankruptcy Code shall be by section number only.
[6] Debtor and Dallis agreed at the hearing that any award entered by the arbitrator would have to be confirmed by the state circuit court.

5

in state court:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because the matter would have to be litigated in the bankruptcy court; and (3) whether the estate can be protected properly by a requirement that the creditor seek enforcement of any judgment through the bankruptcy court.

In re Katzburg, 326 B.R. 606, 610 (Bankr. D.S.C. 2004) (citing Robbins, 964 F.2d at 345); see also In re Charleston Affordable Housing, Inc., C/A No. 09-01020-dd, slip op.at 4 (Bankr. D.S.C. June 9, 2009) (focusing on "whether judicial economy will be served by returning the parties to state court or whether litigation in the bankruptcy court would impair progress" in the bankruptcy case); In re Joyner, 416 B.R. 190, 192-93 (Bankr. M.D.N.C. 2009) (relying on the Robbins factors and modifying the automatic stay to permit the state court action to proceed).

      Of particular relevance here, bankruptcy courts have granted relief from stay for cause to allow arbitration proceedings to continue in other forums. In re Dorris Marketing Group, Inc., 2005 WL 6267050 at *1 (Bankr. E.D. Va. 2005) (citing to the Robbins factors in allowing an action to confirm an arbitration award to continue in the United States District Court); In re Hermoyian, 435 B.R. 456, 466 (Bankr. E.D. Mich. 2010) (confirming its earlier decision lifting the stay for cause to allow a state court arbitration proceeding, permitted by a stipulated order of the parties, to continue based on judicial economy and lack of harm to the debtor in requiring him to arbitrate); In re The Consolidated FGH Liquidating Trust, 419 B.R. 636 (Bankr. S.D. Miss. 2009) (lifting the stay to allow a contractually-agreed-upon arbitration to proceed); In re Betzold, 316 B.R. 906 (Bankr. N.D. Ill. 2004) (holding *Rooker-Feldman* doctrine applied but also modifying stay for cause to allow arbitration to continue where parties had spent considerable time in arbitration); In re Edgerton, 98 B.R. 392 (Bankr. N.D. Ill. 1989) (modifying stay for cause to allow arbitration to go forward based on a balancing of competing interests).

6

Moreover, courts follow a liberal policy favoring arbitration. Moore v. Green Tree Financial Corp. (In re Moore), C/A No. 97-04050, Adv. Pro. No. 97-80311 (Bankr. D.S.C. Jun. 13, 1999) (citing In re Dunes Hotel Associates, 194 B.R. 967, 992 (Bankr. D.S.C. 1995). See also In re Hermoyian, 435 B.R. at 463 ("there is a liberal federal policy favoring arbitration that requires courts to rigorously enforce agreements to arbitrate.") (other internal quotation and citation omitted). The state policy of South Carolina favors the arbitration of disputes and the enforcement of arbitration agreements. Gissel v. Hart, 382 S.C. 235, 240-41, 676 S.E.2d 320, 323 (2009) ("Arbitration is a favored method of settling disputes in South Carolina. Unless a court can say with positive assurance that an arbitration clause is not susceptible to any interpretation that covers the dispute, arbitration should generally be ordered."); Aiken v. World Finance Corp. of South Carolina, 373 S.C. 144, 149, 644 S.E.2d 705, 708 (2007) ("Both state and federal policy favor arbitration of disputes . . . ."); Tritech Elec., Inc. v. Frank M. Hall & Co., 343 S.C. 396, 399, 540 S.E.2d 864, 865 (Ct. App. 2000) ("The policy of the United States and this State is to favor arbitration of disputes.").

In the Motion, Dallis argues that the Robbins factors support a modification of the stay to allow the completion of the arbitration proceeding. Dallis asserts that the issues involved in the State Court Cases are all state law issues that do not require the expertise of the Bankruptcy Court to resolve. Dallis asserts that judicial economy and comity favor lifting the stay because little remains to be done in the arbitration proceeding beyond the arbitrator ruling on the Motions to Vacate. As further support for the promotion of judicial economy, Dallis argues that this arbitration proceeding is binding arbitration with no right to appeal. Dallis suggests that allowing Debtor to re-litigate the issues of the State Court Cases in the Bankruptcy Court will necessarily lead to a duplication of efforts by the parties to the litigation that has been ongoing

7

since 2004. Conversely, Dallis asserts that allowing arbitration to proceed will lead to less interference with the bankruptcy case and more efficient and effective administration of the case by minimizing the involvement of the Bankruptcy Court and by finally determining the existence of claims by and against Debtor. Finally, Dallis argues that the Bankruptcy Court can protect the bankruptcy estate from any judgment entered as a result of the arbitration award by requiring that judgment to be enforced through the Bankruptcy Court only.[7]

In response to the Motion, Debtor objects to a lifting of the stay for various reasons including the following: (1) the Award is not in compliance with the South Carolina Uniform Arbitration Act; (2) the determination of the ownership of the Two Notch Property is currently the subject of an appeal to the South Carolina Court of Appeals and other legal matters related to the bankruptcy case are the subject of an appeal to the Fourth Circuit Court of Appeals; (3) the bankruptcy estate cannot be adequately protected by requiring enforcement of any claims against Debtor be made through the Bankruptcy Court; and (4) allowing the arbitration to go forward as to Debtor would pose a substantial burden to the estate.[8]

As an initial matter, the Court finds that neither the Wilson/Goodwin Motion to Vacate nor the arbitration proceeding as it relates to the Wilson/Goodwin State Court Case, are stayed by the automatic stay of bankruptcy. While the State Court Cases were consolidated for arbitration purposes, the claims asserted in Civil Action No. 2004-CP-40-5334 against Dallis do

---

[7] Furthermore, the monetary judgment rendered against Debtor in favor of Wilson and Goodwin by the Award may not even be enforceable against the bankruptcy estate at all. A review of the claims register reveals that neither Wilson nor Goodwin filed a proof of claim within the period allowed for filing claims. In issuing this Order, the Court makes no findings with regard to whether Wilson and Goodwin are entitled to relief from stay to enforce this judgment.

[8] Debtor also argued that the arbitrator, as a creditor of Debtor's bankruptcy estate, is not a disinterested person under the Bankruptcy Code and is thus disqualified from participating in further proceedings in matters concerning Debtor. The Court notes that this argument was not addressed in the proposed order submitted by Debtor's counsel and that the arbitrator has not filed a proof of claim in the bankruptcy. Furthermore, the arbitrator is not being employed in the bankruptcy case and any issues regarding whether the arbitrator is conflicted can properly be addressed in state court.

not affect the bankruptcy estate in any way. Moreover, Debtor is not even a party to that case and indicated at the hearing no objection to the arbitration between Dallis and Wilson/Goodwin going forward so long as the proceedings do not negatively impact Debtor. Although it appears the arbitrator has proceeded with an abundance of caution due to the filing of Debtor's bankruptcy case, the Court finds that the automatic stay does not bar the completion of arbitration in Civil Action No. 2004-CP-40-5334, as that case involves non-bankruptcy parties and does not appear to have any impact on the bankruptcy case.[9]

Further, the arbitration proceeding, as it relates to Dallis, in the Lee State Court Case has no connection to the administration of the bankruptcy case with the exception that a favorable ruling for Debtor on Debtor's Motion to Vacate might result in a monetary judgment being entered against Dallis. In that event, the bankruptcy estate would perhaps recover assets benefiting both Debtor and her creditors. Dallis made no claims against the Debtor in either of the State Court Cases nor has Dallis filed a claim against Debtor in the bankruptcy case. Dallis does not assert any interest in the Two Notch Property. The final determination as to the true ownership of the property, which is the subject of other litigation as discussed above, does not affect Debtor's claims against Dallis.

The issues in the State Court Cases are state law issues that do not require the expertise of this Court. Allowing the completion of arbitration as to the claims against Dallis will not cause any disruption to the administration of the bankruptcy case. The bankruptcy estate is not negatively affected because Dallis is not seeking any judgment against Debtor or property of the estate.

---

[9] The Court also notes that the automatic stay does not apply to any claims Dallis may assert against Sandra Michelson d/b/a Abstract Title, as such claims would also involve non-bankruptcy parties.

9

Debtor's objection to the Motion that the Award is not in compliance with the South Carolina Uniform Arbitration Act for various substantive and procedural reasons does not provide an adequate basis for refusing to lift the stay as to Dallis. If the arbitration was defective and flawed, those issues can be adequately addressed through state court procedures to the extent permitted. Likewise, Debtor's objection that the Two Notch Property is the subject of state appellate litigation regarding true ownership of the property falls well short of providing a sufficient reason to deny a lifting of the stay as to Dallis. The claims of Wilson, Goodwin, and Debtor against Dallis and the defenses asserted by Dallis do not depend on a determination of the ownership of the property. Debtor's objection that the bankruptcy estate cannot be adequately protected from any judgment as to Dallis lacks merit because Dallis has not sought a judgment against Debtor in the State Court Cases. Further, the Court believes that the benefit of allowing the arbitration to proceed outweighs any burden of litigation on the estate. The completion of arbitration might lead to an even more effective and efficient administration considering the arbitrator may reconsider his Award in Debtor's favor. At a minimum, allowing arbitration to conclude will limit an unnecessary duplication of litigation and preserve judicial resources.[10] The court finds the remaining objections of Debtor to be without merit as to Dallis.

Therefore, the Court finds that cause exists pursuant to § 362(d)(1) to modify the automatic stay to allow the completion of the arbitration proceeding as to the remaining issues between Debtor and Dallis in the Lee State Court Case. Judicial economy and comity weigh strongly in favor of permitting the completion of arbitration as to the claims involving Dallis.

**NOW, THEREFORE, IT IS ORDERED** that the automatic stay does not apply with regards to the arbitration proceeding as it relates to the Wilson/Goodwin State Court Case.

---

[10] The issues involved in the arbitration are not provided for in Debtor's plan and are not pending before this Court. Therefore, the best forum to resolve such issues is state court.

10

**NOW, THEREFORE, IT IS ORDERED** that the Motion is granted and the automatic stay is hereby modified to allow the arbitration proceeding to continue with regard to any and all remaining issues between Debtor and Dallis in the Lee State Court Case.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**12/01/2010**



*[signature: John E. Waites]*

Chief US Bankruptcy Judge
District of South Carolina

Entered: 12/02/2010